**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| CURTIS T. MARTIN, | | |
| Appellant | | No. 690 EDA 2015 |

Appeal from the Judgment of Sentence of February 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012023-2012

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 30, 2016**

Appellant, Curtis T. Martin, appeals from the judgment of sentence entered on February 27, 2015.  We affirm.

In August 2012, Appellant was arrested and charged with aggravated assault, criminal conspiracy, simple assault, and possessing instruments of crime.[1]  Appellant proceeded to a bench trial, where L.H. (hereinafter "the Victim") testified.

The Victim testified that, at the time of the assault, she had known both Appellant and Appellant's co-defendant, Renee Price (hereinafter "Ms.

---

[1] 18 Pa.C.S.A. §§ 2702(a), 903, 2701(a), and 907(a), respectively.

*Retired Senior Judge assigned to the Superior Court.

Price"), for approximately 20 years.[2]  N.T. Trial, 12/19/14, at 15.  As the Victim testified, at around midnight on August 3, 2012, she got off a bus and saw Appellant, Ms. Price, and three other women (who were named "Tonya," "Booby," and "Keema") exit a nearby bar.  *Id.* at 14-17.  As the Victim testified, Ms. Price began yelling at her "about [the Victim] [] supposed[ly] . . . going around telling people that [the Victim] had a baby by [Appellant]." *Id.* at 16.  The group crossed the street and approached the Victim.  *Id.* at 20.  Ms. Price then punched the Victim with a closed fist.  *Id.* at 20-21.  At that point, the Victim testified, "Tonya, Booby, Keema[,] and [Appellant]" "joined in" the fight.  *Id.* at 22.  Specifically, the Victim testified, "[Ms. Price], Keema, Tonya and Booby and [Appellant]" "threw [her] on the ground" and began "tussling" her.  *Id.* at 23.  The Victim testified:

> Q: Okay.  Now what happens once you're on the ground?
>
> A: I think I can recall somebody was – somebody – I tried to get up, somebody called my kids, my kids all started running around there.  The cops was called, and then it just – it just basically turned into a free-for-all, like, free-for-all.
>
> Q: Okay.  Were you hit when you were on the ground?
>
> A: Yes.

---

[2] The Victim testified that she knew Appellant by the name "Curan" and Renee Price by the name "Stephanie."  N.T. Trial, 12/19/14, at 14. However, for ease of discussion and understanding, when quoting the Victim's testimony we will substitute "Appellant" for "Curan" and "Ms. Price" for "Stephanie."

Q: Okay. How many times were you hit when you were on the ground?

A: They just kept punching me and kicking me and stuff.

Q: And where were you getting punched and kicked?

A: In my face, my body[,] and my legs and all of that. My face, my arm.

Q: Now, that whole group, is there anyone in that group that you remember that was not hitting you or kicking you?

A: Like I said, I can't really recall [Appellant] hitting me, but I seen him, like, tussling. I couldn't really see him hitting me at all.

Q: Okay. When you were on the ground, how far away from you was [Appellant]?

A: [Appellant] was in, like, the back of them. She was surrounded by all them girls, [Appellant] was, like, in back of her, like, around her. He wasn't, like, in with them when I saw him.

*Id.* at 22-25.

The Victim also testified that, at some point during the fight, Ms. Price bit her on the hand and shattered a cocktail glass in her eye. The shattered glass cut the Victim and required her to receive "three or four stitches in [her] eye." *Id.* at 26-28 and 34. Further, the Victim testified that "when [she] went to the hospital[,] they wrapped [her hand,] took x-rays, [and] said [that her] hand was broken." *Id.* at 31.

During the trial, Ms. Price testified on her own behalf. Ms. Price testified that: the Victim started the fight with her; no one but the Victim and Ms. Price were involved in the fight; the Victim was not injured during

the fight; and, Appellant did not punch the Victim during the fight. *Id.* at 59-72.

The trial court found Appellant guilty of simple assault[3] and criminal conspiracy[4] and, on February 27, 2015, the trial court sentenced Appellant

_____

[3] Appellant was charged with simple assault, generally. In relevant part, 18 Pa.C.S.A. § 2701(a) declares:

> **(a) Offense defined.--** . . . a person is guilty of assault if he:
>
> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
>
> (2) negligently causes bodily injury to another with a deadly weapon;
>
> (3) attempts by physical menace to put another in fear of imminent serious bodily injury; or
>
> (4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

18 Pa.C.S.A. § 2701(a).

[4] The Crimes Code defines criminal conspiracy in the following manner:

> **(a) Definition of conspiracy.--**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which

*(Footnote Continued Next Page)*

to serve a term of 11 ½ to 23 months on house arrest, followed by two years of probation. N.T. Sentencing, 2/27/15, at 12.

Appellant filed a timely notice of appeal. Now on appeal, Appellant raises the following claim:

> Whether the evidence was insufficient to support the verdict of guilty beyond a reasonable [doubt] as to the charges of simple assault . . . and conspiracy . . . as [the Victim] could not say definitively that Appellant assaulted her or acted in concert with [Ms. Price] to assault her.

Appellant's Brief at 4 (some internal capitalization omitted).

We review Appellant's sufficiency of the evidence challenges under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless

*(Footnote Continued)* ————————————

> constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011) (*en banc*), *quoting* *Commonwealth v. Hutchinson*, 947 A.2d 800, 805-806 (Pa. Super. 2008).

According to Appellant, the evidence was insufficient to support his convictions for simple assault and criminal conspiracy because, "[a]t trial, [the Victim] testified that [A]ppellant never hit her and that he was in back of the people that were assaulting her swinging his arms and she could not tell whether he was trying to break up the fight because she was being struck by the people in front of him." Appellant's Brief at 10.

Appellant's claim fails. It is true that, at trial, the Victim equivocated on whether Appellant punched or kicked her while she was on the ground. However, the Victim specifically testified that Appellant was part of the group of individuals who "threw [her] on the ground." N.T. Trial, 12/19/14, at 23. Since the Victim testified that the group of individuals then beat, punched, and kicked her when she was on the ground – and since Appellant was one of the individuals who "threw [the Victim] on the ground" to suffer this beating – the evidence is sufficient to support the factfinder's

- 6 -

determination that Appellant intentionally entered into an agreement with the others to assault the Victim. ***See Commonwealth v. Spotz***, 756 A.2d 1139, 1162 (Pa. 2000) ("[b]ecause it is difficult to prove an explicit or formal agreement to commit an unlawful act, such an act may be proved inferentially by circumstantial evidence, *i.e.*, the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators").

Moreover, since the agreed-upon assault was completed, we conclude that the evidence is sufficient to support Appellant's convictions for both simple assault and criminal conspiracy.[5] ***Commonwealth v. Galindes***, 786 A.2d 1004, 1011 (Pa. Super. 2001) ("[t]he general rule of law pertaining to the culpability of conspirators is that each individual member of the conspiracy is criminally responsible for the acts of his co-conspirators committed in furtherance of the conspiracy. The co-conspirator rule assigns legal culpability equally to all members of the conspiracy. All co-conspirators are responsible for actions undertaken in furtherance of the conspiracy regardless of their individual knowledge of such actions and regardless of which member of the conspiracy undertook the action") (internal quotations and citations omitted); ***see also Commonwealth v.***

_____

[5] We note that the evidence Appellant threw the Victim to the ground would also suffice to support his simple assault conviction. ***See*** 18 Pa.C.S.A. § 2701(a)(1).

*King*, 990 A.2d 1172, 1178 (Pa. Super. 2010) ("a person who was not the principal actor may nonetheless be liable for the crime on the basis of conspiratorial liability").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2016